United States District Court
Southern District of Texas
**ENTERED**
December 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLEN LEE HAYWARD, (SPN # 02610719), §§§§§ *Plaintiff,* §§ vs. § HOUSTON POLICE DEPARTMENT, *et al.,* §§§§ *Defendants.* § | CIVIL ACTION NO. H-24-4888 |

## MEMORANDUM OPINION AND ORDER

Glen Lee Hayward, (SPN #02610719), is a pretrial detainee in the Harris County Jail. Proceeding *pro se*, he filed a civil rights complaint under 42 U.S.C. § 1983 against the City of Houston Police Department, City of Houston Police Officers F. Chavez and Johnson, an unidentified City of Houston Police Sergeant, and the Houston Fire Department, alleging that they arrested him in October 2024 on false charges and used excessive force while doing so. (Dkt. 1). Hayward also filed a motion seeking leave to proceed *in forma pauperis*, which is supported by a certified copy of his inmate trust fund account statement. (Dkts. 4, 5). Because Hayward is no longer entitled to proceed *in forma pauperis* in this Court, his action is dismissed as explained below.

I.  **DISCUSSION**

Hayward is incarcerated, so his action is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action *in forma pauperis* if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reflect that, since Hayward has been incarcerated, he has filed at least three civil actions that the courts have dismissed as frivolous or for failing to state a claim upon which relief could be granted. *See Hayward v. Gonzalez*, Civil No. 4:24-cv-385 (S.D. Tex. May 10, 2024) (dismissed for failing to state a claim); *Hayward v. Harris County Jail, et al.*, Civil No. 4:24-cv-1327 (S.D. Tex. May 21, 2024) (dismissed as frivolous); *Hayward v. Gonzalez, et al.*, Civil No. 4:24-cv-4586 (S.D. Tex. Dec. 4, 2024) (dismissed as frivolous and malicious). As a result of these prior filings, Hayward may not proceed with this civil action *in forma pauperis* unless his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per

curiam).

The imminent-danger exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños*, 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of past harm do not trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *1 (N.D. Tex. Dec. 17, 2013).

Hayward's complaint, which seeks money damages based on the alleged

violation of his rights during his arrest and incarceration, contains only allegations of past harm. He does not allege facts showing that he is in imminent danger of serious physical injury from the defendants at this time, and so he does not fall within the imminent-danger exception to the three-strikes rule. Therefore, because of his prior filings, Hayward is not entitled to proceed *in forma pauperis* in this action.

## II. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The prisoner civil rights action filed by Glen Lee Hayward, (Dkt. 1), is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. All pending motions are **DENIED as moot.**

3. Hayward may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on ___Dec 17___, 2024.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE